IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

CASE #

Robert L. Swafford
Diana R. Swafford
Debtor(s).

**CHAPTER 13 PLAN**

**DEBTOR:** Swafford, Robert Lee        Swafford, Diana Rae
**SSN:**    XXX-XX-1003                 XXX-XX-3349
            (Four Digits Only)
**ADDRESS:**

Debtor or joint Debtors (hereafter "Debtor") proposes a chapter 13 plan as follows:

**1. PLAN PAYMENT:** $150.00 to be paid in October, 2010.  Plan payments shall then commence at $1,100 per month in November, 2010.

The Plan Payment shall be made by: (choose one)*

[ __ ]   Employer pay order directed to _____(Name of employer) at _____(Employer's Address)**

[ X ]   Debtor pay order directed to Debtor

* Please note that if Debtor is employed and is required to make mortgage payments through the Chapter 13 Trustee pursuant to Standing Order 08-1, Debtor is required to make Plan payments via an income withholding order.

** Debtor is required to make the first plan payment within 30 days of the date of filing of the bankruptcy petition.  If Debtor has requested that plan payments be made via income withholding order but such funds have not been withheld at that time, Debtor shall make all interim plan payments directly to the Chapter 13 Trustee.

**2. GENERAL PROVISIONS**: Based upon Debtor's Official Bankruptcy Form 22C, the Applicable Commitment Period for this Plan is (Choose One): __ 36 months OR _X_ 60 months.  The net result from Form 22C is $1,328.84, which multiplied by the ACP (36 or 60) = $79,730.40, the amount required to be paid to unsecured creditors per Form 22C.  Debtor reserves the right to extend the Plan length up to 60 months.  The amount proposed to be paid through this Plan for unsecured debt is at least the amount required to be paid for the Applicable Commitment Period.  Debtor reserves the right to amend and modify plan payments by increasing and decreasing the same as circumstances permit.

**IT IS ANTICIPATED THAT THERE WILL BE FUNDS PAID TO GENERAL UNSECURED CREDITORS THROUGH THIS PLAN.  THIS PLAN WILL PAY 100% OF UNSECURED CREDITORS.  THE TOTAL DEBT OWED TO UNSECURED CREDITORS IS ESTIMATED TO BE APPROXIMATELY $40,000.**

1

**3. ADMINISTRATIVE**: (Choose One)

[ ] Proposed pre-confirmation debtor's attorney fees are $_____. The Debtor has paid $_____ direct to the attorney. $_____ will be paid to the attorney over approximately the first 24 months of the Plan, to the extent funds are available. If Debtor assigned a tax refund, the refund shall be remitted to reduce the balance of attorney fees. Once such fees are paid, Plan payments shall be lowered to $_____. The Chapter 13 Trustee shall be paid up to 10% of all funds disbursed by him. Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks. The Debtor consents to such increases in Plan payments as may be necessary to pay such additional fees. If the case is dismissed prior to confirmation, then all monies held by the trustee shall be remitted to debtor's attorney to apply on the above fees to the extent they have not been used for adequate protection.

[ X ] Proposed pre-confirmation debtor's attorney fees are $2,400.00. The Debtor has paid $0.00 direct to the attorney. $2,400.00 will be paid to the attorney over approximately 24 months, to the extent possible. If Debtor assigned a tax refund, the refund shall be remitted to reduce the balance of attorney fees. Debtor has proposed equal monthly installments to be paid to certain creditors. Once the attorney fees are paid, those funds that were designated for attorney fees will be paid pro rata to secured creditors, in addition to the proposed fixed monthly payment. The Chapter 13 Trustee shall be paid up to 10% on all funds disbursed by him. Counsel for Debtor reserves the right to submit additional fee applications, either on a time and charges basis or for specific tasks. The Debtor consents to such increases in Plan payments as may be necessary to pay such additional fees. If the case is dismissed prior to confirmation, then all monies held by the trustee shall be remitted to debtor's attorney to apply on the above fees to the extent they have not been used for adequate protection.

**4. FILING FEE**: The filing fee of $274.00 (Choose One): X Has been paid ___ Will be paid by the Trustee from payments made by the Debtor.

**5. FINANCIAL MANAGEMENT COURSE FEES**: Financial Management Course fees of $_____ :

[ ] Will be paid direct by the Debtor to the credit counseling agency.

[ X ] Will be paid by the Trustee from the first payments made by the Debtor to the Trustee to Housing and Credit Counseling at 1195 SW Buchanan, Topeka, KS 66604 upon a showing that the course has been completed AND the filing of a Proof of Claim by the agency providing the instructional course required by 11 U.S.C. §111 and §1328(g)(1).

**6. TAX REFUND FOR THE YEAR IN WHICH THE DEBTOR FILED THIS BANKRUPTCY**: Debtor will immediately pay over to the Trustee the tax refund upon receipt. The Trustee will remit to the Debtor any portion of the refund that Debtor is entitled to retain. The Trustee will honor any proper assignment of the tax refund to Debtor's attorney and promptly remit such funds to Debtor's attorney. The Trustee will not retain a trustee's fee on amounts of the refund remitted to Debtor or to Debtor's counsel pursuant to the tax assignment.

**7. TAX RETURNS**: Federal and state tax returns for the preceding four (4) years (choose one) X Have been filed ___ Have not been filed. If all such returns have not been filed, Debtor shall file such returns by _____. List the tax year for which returns have not been filed: _____. Debtor will timely file all tax returns during the pendency of this case.

2

**8. DOMOGESTIC SUPPORT OBLIGATIONS:** The Debtor (choose one) ___ Owes ___ Does not owe a domestic support obligation. Such obligation consists of payments that are ___ Ongoing ___ Arrearage. Debtor shall maintain current ongoing domestic support obligations during the time Debtor is in bankruptcy. Should Debtor default on post petition obligations, then Debtor may amend and modify this plan to provide payment of the same. Any arrears that existed as of the date of filing of this case will be paid through the plan. Below is a summary of all domestic support obligations owed, including child support, maintenance, property settlement and third party debt repayment, with the names of the creditors and amounts owed, pre and post petition. Debtor has provided the Chapter 13 Trustee with the name, address and phone number for each child support creditor.

| CREDITOR | ADDRESS | PAYMENT AMT. | ARREARAGE |

**NONE**

**9. PRIORITY CLAIMS -- INCLUDING TAX CLAIMS**: Debtor shall pay all allowed priority claims under 11 U.S.C. § 507, **without post petition interest.** Debtor estimates that the Internal Revenue Service is owed $_____ and the State of Kansas is owed $_____. Payments through the Trustee of the principal and interest of the tax obligations due as of the date of the filing of the bankruptcy petition (as determined by the creditor's proof of claim or order of the Court) shall result in a full and total discharge of all obligations of the Debtor for those taxes except the Internal Revenue Service debt is not discharged to the extent provided by 11 U.S.C. §1328(a). If Debtor requests, then any taxing authority shall be required to forthwith submit written releases. Unless placed in controversy, the specific dollar amount to be paid shall be in accordance with the creditor's proof of claim. Unless objected to, the claim shall be deemed allowed. (Certain tax claims may be secured and will be treated accordingly, if such exists). Unless specifically noted below, payments on priority debt shall be paid pro rata with all other priority debt and after payment of administrative and secured claims.

**10. PROPERTY TO BE SURRENDERED**: The following property will be surrendered as indicated:

| Property | Creditor with secured claim in the property |

**NONE**

Any Creditor seeking to repossess / foreclose the collateral described in this section prior to confirmation must seek and obtain an order from the Court granting relief from the automatic stay, unless the automatic stay no longer applies under 11 U.S.C. §362(c). Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified above for surrender and the Creditor need not file a motion to life stay in order to repossess, foreclose upon or sell the collateral. This provision is not intended to life any applicable co-Debtor stay or to abrogate Debtor's state law contractual rights. Unless specifically otherwise indicated, Creditors with a security interest in collateral to be surrendered shall be allowed to file a general unsecured deficiency claim.

**11. REAL ESTATE MORTGAGES:** (Choose One):

[ ___ ]   Debtor has no real estate mortgage debt.

[ X ]   Debtor is current on all real estate mortgage obligations and shall continue to make ongoing payments direct to the real estate mortgage creditor. In the event Debtor becomes delinquent on such obligations after the bankruptcy petition date, Debtor shall make future ongoing payments through the Plan pursuant to Standing Order 08-1 and comply with all provisions thereof.

[ ___ ]   Debtor is in arrears on real estate mortgage obligations and shall pay arrearages and ongoing post-petition real estate mortgage payments through the Plan (conduit payments) pursuant to Standing Order 08-1 and comply with all provisions thereof. The first post-petition ongoing mortgage

3

payment though the Plan will begin with the _____ (month), _____, (year) payment, which is the third mortgage payment due after the filing of the petition. The first two (2) monthly post-petition mortgage payments that come due prior to the commencement of regular ongoing mortgage payments, plus two late fees, plus contract interest at the rate of _____, shall be paid as an administrative expense. At the completion of the Plan, Debtor shall resume monthly mortgage payments directly to the real property creditor pursuant to the terms of the mortgage contract.

Unless specifically controverted herein or by an objection to the claim the amounts contained in the real property creditor's allowed Proof of Claim shall control, and the amounts listed below are estimates. No disbursements shall be made until a Proof of Claim is filed.

Interest (choose one) \_\_\_ Shall NOT be paid on the pre-petition arrearage \_\_\_ Shall be paid on the pre-petition arrearage amount at the rate of _____. Absent timely objection, the real property creditor shall be bond by the foregoing interest rate. Pre-petition arrearages shall be paid pro rata with other secured creditors unless otherwise indicated.

If Debtor pays the Arrearage, together with interest, if any, as specified in the Plan, all pre-petition defaults will be cured and the note and other loan documents will be deemed current as of the date of filing, extinguishing any right of the real property creditor to recover any amount alleged to have arisen prior to the filing of the petition or to declare a default of the note, mortgage, or other loan documents based upon pre-petition events.

If Debtor has made all payments required under the Chapter 13 Plan, the Chapter 13 Trustee shall file a motion seeking an order of the Court determining that all pre-petition and/or post-petition defaults on Debtor's residential home mortgage debt are deemed cured and all payments made on such debt through the date of plan completion are current, with no arrearage, no escrow balance, late charges, costs or attorney fees owing, except to the extent that the Court orders otherwise.

| **CREDITOR** | **MO. PYMT AMT.** | **EST. ARREARS** | **EST. TOTAL DEBT** |
|---|---|---|---|
| | | | |

**12. NON-REAL ESTATE SECURED CREDITORS**: All non-real estate secured creditors shall retain their liens pursuant to 11 U.S.C. §1325(a)(5) and shall release their liens on the collateral at discharge.

All adequate protection payments, if any, will be made through the Chapter 13 Trustee pursuant to D. Kan. LBR 3015(b).1(g). A Proof of Claim must be on file before adequate protection payments will be disbursed. Any adequate protection payments made pre confirmation shall be credited against the allowed principal secured portion of the creditor's claim. If no adequate protection payment is specified, Debtor proposes that creditors will be adequately protected by Debtor promptly beginning to make monthly payments under the Plan, and for the Trustee to disburse as soon as is practicable. If confirmation is delayed, Debtor will join the Trustee in seeking disbursement of plan payments as if the plan was confirmed when appropriate.

The proposed monthly payments are estimates. The amount may be adjusted up or down by the Trustee, in his discretion, as is necessary to make the plan feasible and to pay the secured creditors as required. Debtor reserves the right to increase payments to the secured creditors beyond the estimated equal monthly payment amount, as Debtor may be willing and able to pay. For vehicles, please specify the make, model, year, mileage and condition and the method used for determining value. The following subsections (A,B, and C) address non-real estate mortgage secured creditors:

    A.    **GENERAL SECURED CREDITORS**: The following are general unsecured creditors and shall be paid the value of their collateral or the amount of the claim, whichever is less, unless otherwise specified, plus the current discount/"Till" rate (Prime plus 1.5%). The Plan shall determine the value of the collateral.

4

| CREDITOR | COLLATERAL | TOTAL DEBT | EST. MO. PYMT | ADEQUATE PROTECTION |
|---|---|---|---|---|

B. **910 CAR LOAN SECURED CREDITORS**: The following are "910" creditors as defined by 11 U.S.C. §1325(a)(9), who claim a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, for debts incurred within 910 days prior to the filing of the bankruptcy petition. Debtor proposes to pay the following 910 Creditors in full plus the current discount/"Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| CREDITOR | COLLATERAL | TOTAL DEBT | EST. MO. PYMT | ADEQUATE PROTECTION |
|---|---|---|---|---|
| **Wells Fargo** | **2004 S-10 Blazer** | **$5,855.27** | **$175.00** | **$175.00** |

C. **ONE-YEAR LOAN CREDITORS**: The following are "one-year loan" creditors, as defined by 11 U.S.C. §1325(a)(9), who claim a purchase money security interest in personal property, other than a motor vehicle acquired for the personal use of the Debtor, for debts incurred within one-year preceding the filing of the bankruptcy petition. Debtor proposes to pay the following "one-year loan" creditors in full plus the current discount/"Till" rate (Prime plus 1.5%). Unless otherwise specifically indicated, the Creditor's allowed Proof of Claim shall control the amount to be paid over the life of the Plan.

| CREDITOR | COLLATERAL | TOTAL DEBT | EST. MO. PYMT | ADEQUATE PROTECTION |
|---|---|---|---|---|

**13. LIEN AVOIDANCES**: Debtor will seek to avoid the following liens under 11 U.S.C. §522(f) by the filing of an appropriate motion:

**14. SPECIAL CLASS CREDITORS**: Special Class Creditors, if any, are to be paid as specified. Unless otherwise ordered by the Court, Special Class Creditors shall NOT share pro rata in the amount to be paid to unsecured creditors as determined by From 22C or the liquidated value of the estate per the "Best Interest of Creditors Test".

**15. STUDENT LOAN OBLIGATIONS**: The student loan creditor shall share, pro rata, with other general unsecured creditors. Debtor is aware that interest will continue to accrue post-petition. Further, Debtor is aware that any amount not paid on the student loan debt during this bankruptcy will survive the bankruptcy and will still be owed by the Debtor, unless Debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

| CREDITOR | ESTIMATED AMOUNT OF DEBT |
|---|---|

**16. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**: Post-petition payments on executory contracts and unexpired leases that are assumed shall be paid directly to the creditor, unless otherwise specified. Any pre-petition arrearages shall be cured by payments to be made by the Debtor direct, unless otherwise specified.

**17. PLAN AMENDMENTS**: Debtor hereby reserves the right to modify this plan pursuant to 11 U.S.C. §1329 and to include post-petition debt pursuant to 11 U.S.C. §1322(b)(6).

**18. GENERAL UNSECURED CREDITORS**: General unsecured claims will be paid after all other unsecured claims, from the funds to be paid to unsecured creditors either as determined by Official Bankruptcy Form B22C or through satisfaction of the "Best Interests of Creditors Test" pursuant to 11 U.S.C. §1325(a)(4), whichever is higher.

**19. "BEST INTEREST OF CREDITORS TEST"**: Pursuant to 11 U.S.C. §1325(a)(4), Debtor proposes to pay $0.00 to the Trustee. This amount represents the liquidation value of the following property. **(List property, explain how the computation of the liquidation value was made or attach a separate document explaining this.)** This amount is included in the monthly Plan payment Debtor proposes above in Paragraph 1.

**20. PROPERTY OF THE ESTATE**: In addition to the property specified in 11 U.S.C. §541, property of this bankruptcy estate includes all property acquired after the filing of the bankruptcy petition, including earnings. Except as otherwise provided, the Debtor shall remain in possession of all property of the estate.

**21. EFFECT OF CONFIRMATION**: **ANY CREDITOR FAILING TO OBJECT TO CONFIRMATION OF THE PLAN IS DEEMED TO HAVE ACCEPTED THE PLAN. AN AGREED ORDER MAY BE ENTERED RESOLVING OBJECTIONS TO CONFIRMATION**. Any objection must be in writing and must be timely filed with the Court and served upon the Debtor, Debtor's attorney, and the Chapter 13 Trustee. If a creditor files a secured claim that is not provided for in the Plan, the claim shall be allowed as filed unless objected to by the Debtor or resolved by plan amendment or agreement of the parties. All property of the estate will revest in the Debtor at discharge, unless otherwise ordered by the Court pursuant to 11 U.S.C. §1322(b)(9). **ONCE CONFIRMED BY THE COURT, THIS PLAN BINDS THE DEBTOR AND EACH CREDITOR, WHETHER OR NOT THE CLAIM OF SUCH CREDITOR IS PROVIDED FOR BY THE PLAN AND WHETHER OR NOT SUCH CREDITOR HAS ACCEPTED, REJECTED OR OBJECTED TO THE PLAN**.

Confirmation of the Plan shall be deemed a finding by the Bankruptcy Court that the Debtor has complied with all of the applicable sections of 11 U.S.C. §1322 and §1325, and that Debtor has fulfilled all of their pre-confirmation obligations under 11 U.S.C. §521.

This plan is proposed in good faith by the above Debtor and the information in this plan is accurate based upon the knowledge and belief of Debtor.

6

Dated: 09/23/10    Debtor: s/ Robert L. Swafford

                   Debtor: s/ Diana R. Swafford

s/ Darcy D. Williamson
Darcy D. Williamson,   S/Ct. # 11337
700 Jackson, Suite 404
Topeka, Kansas 66603
Phone:  785-233-9908
Fax: 785-233-2613
Attorney for Debtor(s)

7